UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THADDEUS JOHNSON,

      Petitioner,

v.                                                          CASE NO. 6:14-cv-56-Orl-31GJK
                                                            (6:11-cr-34-Orl-31GJK)

UNITED STATES OF AMERICA,

Respondent.

_____

## ORDER

      This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 3) filed by Thaddeus Johnson.   The Government filed a response (Doc. No. 5) to the section 2255 motion in compliance with this Court's instructions.   Petitioner filed a reply and an amended reply to the Government's response (Doc. Nos. 6 & 8).

      Petitioner alleges one claim for relief.   For the following reasons, the § 2255 motion is denied.

## I.   *Procedural History*

      Petitioner was charged by indictment with manufacture of marijuana and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii) (count one), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1) and 2 (count two), possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), (e)(1), and 2 (count

three), and possession of a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) and 2 (count four).   (Criminal Case No. 6:11-cr-34-Orl-31GJK, Doc. No. 1).[1]   Petitioner entered a plea of guilty as charged.   (Criminal Case Doc. Nos. 50 & 55.)   The Court sentenced Petitioner to concurrent 120-month terms of imprisonment for counts one and four, to a concurrent 180-month term of imprisonment for count three, and to a 360-month term of imprisonment for count two with the sentence for count two to run consecutive to the sentences for counts one, three, and four.[2]   (Criminal Case Doc. No. 76.)   Judgment was entered on June 1, 2012.   *Id.* at Doc. No. 76.

Petitioner did not appeal his convictions or sentences.   Petitioner initiated the instant action on January 7, 2014.

## II.   *Analysis*

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted as follows:

A 1-year period of limitation shall apply to a motion under this section.   The limitation period shall run from the latest of --

(1)       the date on which the judgment of conviction becomes final;

(2)       the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by

---

[1] Criminal Case 6:11-cr-34-Orl-31GJK will be referred to as "Criminal Case."

[2] The Government subsequently filed a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure to reduce Petitioner's sentence.   (Criminal Case Doc. No. 89.)   The Court granted the motion and reduced Petitioner's sentence for count two to a thirteen-month term of imprisonment.   *Id.* at 95.

               such governmental action;

(3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under the time limitation set forth in § 2255(f)(1), Petitioner had one year from the date his conviction became final to file a § 2255 motion. Petitioner's Judgment was entered on June 1, 2012, and he did not file a direct appeal. Therefore, his conviction became final on June 15, 2012, when the time for filing an appeal expired. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (a conviction which is not appealed becomes final when the time allowed for filing an appeal expires); *see also* Fed. R. App. P. 4(b); Fed. R. App. P. 26(a). Thus, Petitioner had through June 15, 2013, to file his § 2255 motion. *See*, *e.g., Murphy v. United States*, 634 F.3d 1303, 1309–14 (11th Cir. 2011) (holding that the statute of limitations for filing a 28 U.S.C. § 2255 motion is not changed by a setntence reduction under Rule 35(b) because a Rule 35(b) reduction does not affect the finality of the judgment of conviction and does not constitute a resentencing in which an old sentence is invalidated and replaced with a new one). However, the instant proceeding was not filed until January 7, 2014, under the mailbox rule. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).

Nevertheless, Petitioner argues that his motion is timely under § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).[3]   *See* Doc. No. 3.   As noted previously, § 2255 grants a petitioner one year to file a § 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

*Descamps* issued on June 20, 2013.   Petitioner's § 2255 motion was filed within one year from that date.   *See, e.g., Dodd v. United States*, 365 F.3d 1273, 1281 (11th Cir. 2004) (Section 2255(f)(3) begins to run on the date the Supreme Court recognizes a new right and concludes one year from that date).   However, Petitioner has not demonstrated that *Descamps* is retroactively applicable to cases on collateral review.   Thus, Petitioner's § 2255 motion is untimely filed.[4]   *See, e.g., Johnson v. United States*, No. 8:03-cv-1139-T-30EAJ, 2014 WL 2215772, at *2 (M.D. Fla. May 27, 2014) (determining § 2255 motion was untimely because "*Descamps* does not apply retroactively to cases on collateral review");

---

[3]*Descamps* held that the California burglary statute is nondivisible and thus the district court could not apply the modified categorical approach in determining if the prior violent felony conviction was a predicate offense under the Armed Career Criminal Act ("ACCA").   133 S. Ct. at 2285–86.

[4]Alternatively, the Court notes that Petitioner has not demonstrated that he is entitled to relief on any of his claims.

*United States v. Upshaw*, No. 4:14cv278-MW/CAS, 2014 WL 3385118 (N.D. Fla. July 9, 2014) (concluding § 2255 motion was untimely because *Descamps* is not retroactive to cases on collateral review); *Adams v. United States*, No. 14-0131-CG-M, 2014 WL 2993785 (S.D. Ala. July 3, 2014) (same).

Petitioner also asserts that he is actually innocent of his ACCA sentence enhancement for count three to overcome the statute of limitations.    A showing of actual innocence may relieve habeas petitioners from the burdens imposed by 28 U.S.C. § 2244(d).    *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).    Thus, arguably a showing of actual innocence may relieve a petitioner from the burdens imposed by § 2255(f).   "A habeas petitioner asserting actual innocence to avoid a procedural bar must show that his conviction 'probably resulted' from 'a constitutional violation.'"    *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "'[A]ctual innocence' means *factual* innocence, not mere legal insufficiency."    *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (emphasis in original).

Petitioner has not demonstrated that he is actually innocent of his convictions to overcome the untimely filing of his § 2255 motion.    *See, e.g., McKay*, 657 F.3d at 1196–98 (holding that a petitioner must establish that he is factually innocent of one of his prior convictions to establish application of the fundamental miscarriage of justice exception to overcome procedural bar for claim of sentencing error based on career offender

designation); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) ("When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice."); *Crawford v. United States*, 501 F. App'x 943 (11th Cir. 2012).   Accordingly, Petitioner's motion was untimely filed and must be dismissed.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 3) filed by Thaddeus Johnson is **DENIED**, and this case is **DISMISSED** with prejudice.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:11-cr-34-Orl-31GJK and to terminate the motions to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 104 & 105) pending in that case.

6

4.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5]   Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 30th day of April, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1
Counsel of Record
Thaddeus Johnson

---

[5]Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Rules Governing § 2255 Proceedings, Rule 11.